UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
EASTERN SAVINGS BANK, FSB,

                      Plaintiff,

    -against-

MOHAMMED SADUDDIN THAKUR, et al.,

                      Defendants.
------------------------------------------------------------------- x

ORDER
12-CV-1571 (DLI)

GOLD, STEVEN M., U.S.M.J.:

      Plaintiff brings this action to foreclose on a mortgage on property located in the Bronx. In a status report dated May 10, 2012, plaintiff noted that all of the defendants have been served but none have appeared in the action. Docket Entry 12. Plaintiff requests a premotion conference to amend the complaint to replace defendant John Doe #1 with the named defendant Nargis Akster. *Id.* Plaintiff also indicates its intent to seek the default of the defendants. *Id.*

      First, plaintiff is directed to show cause why this action should not be transferred to the Southern District of New York. Plaintiff alleges that venue is proper in this district because a "substantial part of the events giving rise to this action took place within the jurisdiction of this court and the Subject Property is located in this District." Compl. ¶ 11. The property, however, is located in the Bronx, Compl. ¶ 1, which is part of the Southern District of New York. Although it is not clear where the closing took place, or whether that may provide a basis for venue, the mortgage was notarized in New York County, Docket Entry 1 at 38, which is also part of the Southern District of New York. Accordingly, plaintiff shall submit a memorandum of law no later than May 25, 2012 explaining why the Eastern District of New York is the proper venue for this action or voluntarily agreeing to a transfer to the Southern District of New York.

2

If plaintiff sufficiently establishes venue is proper here, plaintiff must also demonstrate that all of the defendants were properly served. According to the executed summons, plaintiff served the New York State Department of Taxation and Finance by delivering a copy to an authorized agent at the agency's Hauppauge office. Docket Entry 5. A state agency, however, must be served

> by (1) delivering the summons to . . . the chief executive officer of such agency or to a person designated by such chief executive officer to receive service, or (2) by mailing the summons by certified mail, return receipt requested, to . . . the chief executive officer of such agency, and by personal service upon the state in the manner provided by subdivision one of this section.

N.Y. C.P.L.R. 307(2). Moreover, at least one court in this District has held that the New York State Department of Taxation and Finance is merely an agency of the State of New York and thus "not a citizen for diversity purposes." *Eastern Sav. Bank v. Walker*, 775 F. Supp. 2d 565, 572 (E.D.N.Y. 2011). Plaintiff shall thus advise the court whether it will voluntarily dismiss this non-diverse defendant, and if not, plaintiff's memorandum shall also address how service upon the Department of Taxation and Finance was proper and why its status as a defendant does not destroy diversity.

SO ORDERED.

_____/s/_____
STEVEN M. GOLD
United States Magistrate Judge

Brooklyn, New York
May 14, 2012

U:\eoc 2012\eastern savings bank 051112.docx